UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JAMES JONES #707629,

        Plaintiff,                    Case No. 1:11-cv-514

v.                                        Honorable Robert J. Jonker

UNKNOWN JENSEN et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* and he has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Huss, Lahner, Norwood, Prelesnik and Wood. The Court will serve the complaint against Defendants Jameason and Jensen.

**Discussion**

I.  Factual allegations

Plaintiff is incarcerated at Ionia Maximum Correctional Facility (ICF). He sues the following employees of the Michigan Department of Corrections: Officers (unknown) Jensen, (unknown) Jameason, (unknown) Wood, and (unknown) Lahner; Warden John Prelesnik; E. Huss and N. Norwood.

According to the complaint, on May 2, 2010, Plaintiff was in his cell when Defendants Jensen, Jameason and other officers, took him to the "b-wing" shower. After Plaintiff was placed in the shower, Jensen began "assaulting" and "abusing" Plaintiff, kicking and hitting him. (Compl. at 3, docket #1, Page ID#3.) Jensen told Plaintiff that he "better be gone by (2 to 10) or (10 to 6) by the [n]ext [d]ay [b]ecause when they get back [Plaintiff] will get even more of [an] A-S-S kicking." (*Id.*) Plaintiff contends that Jensen "continually" puts inmates into handcuffs and assaults them. (*Id.*)

Plaintiff also alleges that Defendant Wood puts her fingers in prisoners' food and will spit in food provided to prisoners. In particular, on March 30, 2011, at 10:00 am, Defendant Wood spit in Plaintiff's food tray while she was passing out the trays. Defendant Lahner, who was helping Wood distribute the trays, saw Wood's actions but did not stop her or report her conduct to other officials.

Plaintiff claims that Defendants violated his rights under the Eighth and Fourteenth Amendments. Plaintiff seeks damages and a temporary restraining order against all Defendants "with an affidavit for any officials retaliating against . . . Plaintiff." (*Id.*) He also seeks an order discharging officers that assault prisoners or "misuse" prisoner food.

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

### A. Defendants Huss, Norwood, Prelesnik

Defendants Huss, Norwood and Prelesnik will be dismissed because Plaintiff fails to allege that any of them actively engaged in any unconstitutional conduct. *See Iqbal*, 129 S. Ct at 1948. Indeed, Huss, Norwood and Prelesnik are not even mentioned in the body of the complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Thus, Plaintiff's claims against Huss, Norwood and Prelesnik will be dismissed because the complaint fails to allege that any of these defendants, through their own actions, violated the constitution.

Moreover, Warden Prelesnik cannot be liable merely because has supervisory authority over other individuals that allegedly engaged in unconstitutional conduct or because he failed to act based on information that he received. Government officials may not be held liable for

the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Thus, section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948.

### B. Defendants Wood and Lahner

Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff alleges that, on one occasion in March of 2011, Wood spit in Plaintiff's food while Lahner watched. The complaint states that Defendants violated Plaintiff's Eighth and Fourteenth Amendment rights, but the Court discerns no viable Fourteenth Amendment claim in the allegations against Defendants Wood and Lahner. Accordingly, the Court will treat Plaintiff's claim against Wood and Lahner as an Eighth Amendment claim.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Plaintiff does not allege any injury or harm resulting from Wood's conduct, nor does he allege that Wood's conduct posed an objectively serious risk to Plaintiff's health or safety. Thus, he fails to state an Eighth Amendment claim against Wood. *See Mulazim v. Corrigan*, 7 F. App'x 427, 430 (6th Cir. 2001) (affirming dismissal of an Eighth Amendment claim for, *inter alia*, failure to allege that defendants disregarded

a risk of serious harm to the plaintiff).

To the extent Plaintiff was aware of Wood's conduct when he received the food tray, and then chose not to eat the food, Wood's conduct merely would have deprived Plaintiff of a single meal.[1]  The deprivation of a single meal, however, is not a sufficiently serious risk to an inmate's health to invoke a prisoner's Eighth Amendment rights.  *See White v. Gregory*, 1 F.3d 267, 269 (4th Cir.1993) (affirming dismissal of Eighth Amendment claim about missing one meal as frivolous and indisputably meritless); *Davis v. Putnam*, No. 1:10–CV–01655, 2011 WL 1298117, at *2 (E.D. Cal. Mar. 31, 2011) ("Spitting in a person's food does not rise to the level of a serious harm in violation of the Eighth Amendment. . . . [Moreover,] Plaintiff has failed to allege how taking of rations on one day created a substantial risk of serious harm.").  Accordingly, Plaintiff's claim against Wood will be dismissed for failure to state a claim.  Similarly, Plaintiff's claim against Lahner will be dismissed because it is based upon Lahner's failure to stop or report Wood's actions.  If Plaintiff fails to state a claim against Wood, then Plaintiff also fails to state a claim against Lahner.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Huss, Norwood, Prelesnik, Wood and Lahner will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. §1997e(c).  The Court will serve the complaint against Defendants Jensen and Jameason.

An Order consistent with this Opinion will be entered.

/s/Robert J. Jonker
Robert J. Jonker
United States District Judge

Dated:  July 19, 2011

---

[1] The complaint suggests that Wood regularly spits in prisoners' food, but it refers to only one instance involving Plaintiff.  To the extent Plaintiff challenges Wood's conduct, he may only bring a claim on his own behalf.  Plaintiff lacks standing to bring a claim asserting the constitutional rights of other prisoners.  *See Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Corn v. Sparkman*, No. 95-5494, 1996 WL 185753, at *1 (6th Cir. Apr. 17, 1996) (citing *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981)).